THE STATE ex inf. ABERNATHY, Prosecuting Attorney, ex rel. TURNER, Appellant, v. TUCKER.

**Division Two, March 1, 1904.**

1. **QUO WARRANTO: Finding of Facts.** The finding of facts by the trial court, in a suit to remove a justice of the peace from office, where the evidence is conflicting, will not be reviewed on appeal.

2. ———: ———: **Justice of Peace: Residence of Petitioners.** The only question in the case being one of fact, that is, whether or not the petitioners who petitioned the county court to appoint defendant a justice of the peace, lived more than five miles from the nearest justice of the peace in the township, and the evidence on that point being conflicting, the Supreme Court will not review the finding of the trial court thereon.

Error to St. Francois Circuit Court.—*Hon. Jas. D. Fox,* Judge.

AFFIRMED.

*M. R. Smith* for relator.

(1)  *Quo warranto* is the proper procedure in a case of this kind.   Sec. 4457, R. S. 1899; State ex rel. v. McMillan, 108 Mo. 153; State ex rel. v. Vail, 53 Mo. 109; Works on Juris. of Courts, pp. 668, 669; High on Extra. Leg. Rem., secs. 625, 626, 638.   (2)  The order of the county court, made November 28, 1898, appointing respondent a justice of the peace for St. Francois township, may be attacked by *quo warranto* and shown to have been made without authority, as relator is here attempting to do.   State ex inf. v. Fleming, 147 Mo. 11; High on Extra. Leg. Rem., secs. 625, 720, 725; State ex rel. v. Meek, 129 Mo. 435; State ex rel. v. Vail, supra. (3)  The basis for the county court's appointment was that there was no justice nearer than five miles of

Farmington, where Tucker resided, which involved a question of fact, that is now issuable and determinable by this appeal, because involved in the trial by the lower court. State ex inf. v. Fleming, 147 Mo. 11; High on Extr. Leg. Rem., secs. 740 and 741; State ex rel. v. Powles, 136 Mo. 376; State ex rel. v. McCann, 88 Mo. 390. (4) The county court, consisting of two of the judges, ignored relator's protest and affidavits submitted therewith, and arbitrarily appointed respondent. (5) Respondent, in the trial court, relied solely on the defense that relator could not go behind the order of appointment by the county court, and cited the case of State ex rel. v. Simmons, 35 Mo. App. 374, in support of his position, since overruled. State ex inf. v. Fleming, supra; State ex rel. v. Steers, 44 Mo. 227. (6) The order of appointment by the county court was unappealable—first, for the reason that there is no statutory provision authorizing such appeal; second, because the order was ministerial, and not judicial. In re Bauer, 112 Mo. 231; Railroad v. St. Louis. 92 Mo. 165.

*Rufus C. Tucker pro se.*

(1) The appointment was regular and fully warranted by the laws of this State, and is not subject to the attack sought to be made upon it in this proceeding. Art. 6, secs. 36, 37, Const.; sec. 3806, R. S. 1899; sec. 6091, R. S. 1889; State ex rel. v. Simmons, 35 Mo. App. 374; State ex rel. v. Powles, 136 Mo. 376; State v. Evans, 83 Mo. 319; Foster v. Dunklin, 44 Mo. 216; State ex rel. v. Jenkins, 25 Mo. App. 489. (2) All the questions involved in this case were submitted to the county court, including questions of fact, and were passed upon by that court, and that court's action in the premises was judicial and not ministerial, and that court being, under the Constitution and laws of this State, the sole arbiter of the questions involved, its judgment was final, and can not be attacked except for fraud. State ex inf. v.

Fleming, 147 Mo. 1; Callahan v. Griswold, 9 Mo. 784; Myers v. Miller, 55 Mo. App. 338. (3) The residence of the relator, as well as that of every justice of the peace in St. Francois township, was involved in the proceeding before the county court. The court necessarily had to find two facts under section 3806, Revised Statutes 1899, before it could entertain the petition for the appointment of additional justice of the peace for said township: 1st. Whether the petition was signed by twelve or more qualified voters of said township. 2nd. That they lived more than five miles from the nearest justice of the peace in said township. Without this they would have been without jurisdiction to make the appointment. The court did so find and make the appointment, and we say this ends this whole controversy.

BURGESS, J.—This is a proceeding in the nature of *quo warranto* begun in the circuit court of St. Francois county by J. A. Abernathy, prosecuting attorney of said county, at the relation of one J. D. Turner, to oust from office of justice of the peace of St. Francois township, the defendant, Rufus C. Tucker, upon the ground that he was appointed to the office of justice of the peace within and for said township by the county court of said county, without authority of law, and his appointment therefore illegal and void.

Defendant made return to the original writ issued in the cause, denying all allegations in the writ, and affirmatively alleging that he was duly appointed to the office of justice of the peace of said township by the county court of said county. Relator replied denying all new matter set up in the reply.

At a trial before the court the issues were found for defendant, and it was adjudged that the liberties, privileges and franchises of the office and pertaining thereto of right belonged to him, and that he be discharged, with his cost.

Relator appeals.

The only question in this appeal is one of fact, that is, whether or not the petitioners who petitioned the county court of St. Francois county for the appointment of defendant lived more than five miles from the nearest justice of the peace in St. Francois township, where they resided on the 28th day of November, 1898, the day upon which defendant Tucker was appointed a justice of the peace by the county court of said county for said township under the provisions of section 3806, Revised Statutes 1899.

The evidence upon this question was conflicting, but both the county court and also the circuit court upon appeal, found in favor of the respondent and there is nothing disclosed by the record which leads us to a different conclusion. We therefore affirm the judgment.

*Gantt, P. J.,* concurs; *Fox, J.,* not sitting.